ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| FANNY HERNÁNDEZ SÁEZ<br><br>Parte Apelante<br><br>v.<br><br>RUBÉN LÓPEZ VALENTÍN<br><br>Parte Apelada | KLAN202400072 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Familia y Menores de Bayamón<br><br>Civil Núm.:<br>D AL2016-1308<br><br>Sobre:<br>Alimentos |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de febrero de 2024.

Comparece Fanny Hernández Sáez (Sra. Hernández Sáez) mediante recurso de apelación y solicita que revoquemos la *orden* emitida y notificada el 6 de diciembre de 2023, por el Tribunal de Primera Instancia (TPI), Sala de Relaciones de Familia y Menores de Bayamón. Mediante el referido dictamen, el foro primario denegó la solicitud de revisión de pensión alimentaria incoada por la Sra. Hernández Sáez.

El 1 de febrero de 2024, emitimos una resolución mediante la cual acogimos la apelación presentada por la Sra. Hernández Sáez como un recurso de *certiorari*[1] y concedimos al señor Rubén López Valentín (Sr. López Valentín) un término para presentar su oposición a la expedición del auto. Transcurrido dicho término sin que éste hubiera comparecido, damos por perfeccionado el recurso y procedemos a su adjudicación.

---

[1] No obstante, conservamos el alfanumérico designado por la Secretaría al momento de su presentación.

Número Identificador
SEN2024_____

Evaluado el escrito de la Sra. Hernández Sáez y los documentos que obran en autos, y por los fundamentos que se exponen a continuación, expedimos el auto de *certiorari* y revocamos la orden recurrida.

**I.**

Según surge de los documentos que componen el apéndice del recurso, el 8 de junio de 2022, el TPI dictó una resolución mediante la cual impartió su aprobación a la recomendación de la oficial examinadora y aumentó provisionalmente a $458.09 mensual la pensión alimentaria impuesta al señor Rubén López Valentín (Sr. López Valentín) en beneficio del hijo procreado entre las partes, retroactiva al 15 de noviembre de 2021 y efectiva al 6 de junio de 2022.[2]

Más adelante, el 7 de diciembre de 2022, el TPI dictó una sentencia a base de un posterior informe y estableció como final la pensión alimentaria de $458.09 mensual, efectivo a ese mes y año.[3]

Subsiguientemente, el 22 de febrero de 2023, el Sr. López Valentín presentó una *Moción por Derecho Propio* en la que informó y acompañó la copia de la petición que radicó el 21 de febrero de 2023 ante el Tribunal Federal de Quiebras de Puerto Rico, caso núm. 23-00482-13. Solicitó que se le permitiera "solicitar asistencia legal" para el caso de alimentos y que se le cursara a su dirección postal toda documentación y notificaciones relacionadas a este caso.[4]

Así las cosas, el 6 de noviembre de 2023, la Sra. Hernández Sáez solicitó la revisión de la pensión alimentaria. Adujo que en el caso federal de quiebras el Sr. López Valentín había comunicado a sus acreedores que tenía un ingreso mensual ascendente a

---

[2] Apéndice del recurso, págs. 16-20.
[3] *Íd.,* págs. 12-13.
[4] *Íd.,* pág. 21.

$4,000.00; es decir, un ingreso mayor al de $2,180.52 informado al momento en que se llevó a cabo el proceso de revisión de la pensión alimentaria. La Sra. Hernández Sáez arguyó que ello representaba un cambio económico sustancial en las circunstancias del padre alimentante, que ameritaba la modificación del decreto de alimentos, aun cuando no habían transcurrido los tres (3) años que establece la ley. Por tanto, solicitó que se pautara una vista ante la examinadora de pensiones alimentarias a los fines de que se evaluara su solicitud. Para sostener su alegación, la promovente acompañó copia de la hoja del detalle de ingresos del Sr. López Valentín que consta en el expediente del caso de quiebras.

El 6 de diciembre de 2023, el TPI dictó y notificó la *orden* que denegó la solicitud de revisión de pensión alimentaria incoada por la Sra. Hernández Sáez. Expresó el tribunal que "[l]as necesidades del menor no han cambiado en menos de un año"[5].

El 21 de diciembre de 2023, la Sra. Hernández Sáez incoó una moción de reconsideración. Adujo que la *Ley Orgánica de la Administración para el Sustento de Menores*, infra, establece que un tribunal puede reexaminar un decreto de alimentos antes de que transcurra el periodo de tres (3) años - desde la fecha en que la orden de pensión alimentaria fue emitida o modificada - no tan solo cuando existan cambios sustanciales en las circunstancias del alimentista, sino también cuando ocurran cambios significativos o imprevistos en los ingresos del alimentante, tal y como sucedió en el caso del Sr. López Valentín. De tal forma, la Sra. Hernández Sáez reiteró su solicitud de revisión de la pensión alimentaria impuesta al Sr. López Valentín para beneficio del hijo de ambos.

Mediante *orden* emitida y notificada el 22 de diciembre de 2023, el TPI denegó la solicitud de reconsideración.

---

[5] Apéndice del recurso, pág. 2.

Inconforme, el 22 de enero de 2024, la Sra. Hernández Sáez instó el presente recurso y apuntó el siguiente señalamiento de error:

> Erró el TPI al no considerar un cambio económico sustancial del alimentante como uno de los factores para permitir la revisión de pensión.

## II.

### -A-

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.[6]

Al ser un recurso extraordinario de carácter discrecional, este solo se expedirá en aquellas instancias específicas que delimita la Regla 52.1 de Procedimiento Civil[7]. La citada Regla establece que el recurso sólo se expedirá cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, **casos de relaciones de familia**, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia.[8] Según lo dispuesto en la Regla 52.1, *supra,* al denegar la expedición de un recurso de *certiorari,* el Tribunal de Apelaciones no tiene que fundamentar su decisión.[9]

---

[6] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[7] 32 LPRA Ap. V, R. 52.1.
[8] *Íd.*
[9] *Íd.*

Si se determina que el recurso cumple con alguna de los supuestos de la Regla 52.1, entonces, debemos atender la solicitud a la luz de los criterios establecidos en la Regla 40 de nuestro Reglamento[10]. Por tanto, al momento de valorar la actuación del foro de primera instancia, examinaremos lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[11] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

Por consiguiente, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de

---

[10] 4 LPRA Ap. XXII-B, R. 40.
[11] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[12]

**-B-**

En nuestra jurisdicción, los menores tienen un derecho fundamental a recibir alimentos que emana de la cláusula constitucional del derecho a la vida consagrado en la Carta de Derechos de la Constitución de Puerto Rico.[13] Es por ello, que estos casos están revestidos del más alto interés público, cuyo interés principal es el bienestar del menor.[14]

La obligación de alimentar al menor es inherente a la maternidad y la paternidad, esta recae sobre los obligados desde el momento en que la relación filial queda establecida legalmente.[15] Esta obligación es personal de cada uno de los progenitores por lo que debe ser satisfecha del propio peculio y de forma proporcional a sus recursos y a la necesidad del menor.[16]

Por tanto, el esquema conlleva hacer un balance entre los intereses del menor y la capacidad económica de los responsables de costear sus necesidades.[17] La determinación de la cuantía de los alimentos corresponde al prudente arbitrio del juzgador, quien debe velar que ésta cumpla con el principio de proporcionalidad.[18]

Las determinaciones de alimentos no constituyen cosa juzgada y están sujetos a ser revisados cuando transcurran tres (3) años desde la fecha en que se decretó. No obstante, el tribunal, a petición de parte o *motu proprio,* puede reexaminar un decreto alimentario aun cuando no hayan pasado los tres (3) años si estima

---

[12] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986). Véase, además, *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

[13] *Díaz Rodríguez v. García Neris*, 208 DPR 706, 717 (2022).

[14] *Íd.; Santiago, Maisonet v. Maisonet Correa,* 187 DPR 550, 559 (2012).

[15] *Díaz Rodríguez v. García Neris*, *supra*, pág. 718*; Santiago, Maisonet v. Maisonet Correa*, *supra*, págs. 560-561.

[16] *Díaz Rodríguez v. García Neris*, *supra*; *Pesquera Fuentes v. Colón Molina*, 202 DPR 93, 108 (2019).

[17] *Pesquera Fuentes v. Colón Molina, supra.*

[18] *Santiago, Maisonet v. Maisonet Correa, supra,* pág. 561.

que hay justa causa para hacerlo. Es decir, si existe un cambio sustancial en las circunstancias iniciales en que se determinó la pensión. La justa causa puede consistir en: (1) variaciones o cambios significativos o imprevistos en los ingresos, capacidad de generar ingresos, egresos, gastos o capital del alimentante o alimentista, o en los gastos, necesidades o circunstancias del menor, o (2) cuando exista cualquier prueba de cambio sustancial en circunstancias.[19]

El cambio sustancial en las circunstancias es "aquel que afecta la capacidad del alimentante para proveer los alimentos o las necesidades de los alimentistas".[20] Además, la legislación reconoce que "el requisito de cambio significativo o imprevisto en las circunstancias de alguna de las partes se cumple si de la aplicación de las Guías para computar las pensiones alimentarias en Puerto Rico, adoptadas según se dispone en este capítulo, resulta una pensión alimentaria diferente a la pensión corriente en vigor".[21]

El Tribunal Supremo, citando a la Lcda. Sarah Torres Peralta[22], menciona las razones que fundamentan la normativa de cambios de circunstancias al expresar que:

> [l]a vigencia del decreto alimentario queda sujeta a las circunstancias cambiantes, y a los cambios sustanciales o imprevistos, tanto respecto a la capacidad de los alimentantes como en cuanto a las necesidades de los alimentistas. El mero paso del tiempo; el crecimiento de los hijos, los costos escolares en aumento; iguales aumentos en todos los renglones de la crianza - comida, ropa, habitación, vestimenta, asistencia médica, rentas o plazos hipotecarios del techo del alimentista, aumento en general del costo de vida entre otros. Además, se asume que el alimentante, por su parte, va progresando en su empleo o en su empresa o negocio o en el trabajo en que se desempeña. También puede ocurrir a la inversa, que los recursos del alimentante vengan a menos; o que las necesidades de

---

[19] Artículo 19 (c) de la *Ley Orgánica de la Administración para el Sustento de Menores*, Ley Núm. 5 de 30 diciembre de 1986, 8 LPRA sec. 518; *Pesquera Fuentes v. Colón Molina*, supra, págs. 105-107.

[20] *Pesquera Fuentes v. Colón Molina*, supra, pág. 107, citando a *McConnell v. Palau*, 161 DPR 734, 748 (2004).

[21] 8 LPRA sec. 518.

[22] S. Torres Peralta, El Derecho Alimentario en Puerto Rico, San Juan, 2006, T. I, págs. 7.01-7.02.

los alimentistas disminuyan con el paso del tiempo - graduaciones, matrimonios, vida independiente de los hijos, herencias; fracaso en los negocios, pérdida o cambio de empleo o cualquier otro evento que tenga el efecto de permitir aumentos o disminuciones en la pensión previamente fijada.[23]

Ahora bien, en los casos en que se solicita una modificación de pensión cuando aún no han transcurrido los tres (3) años dispuestos en la *Ley Orgánica de la Administración para el Sustento de Menores[24]*, la situación evidenciaria dependerá de si se trata de una solicitud de aumento o de una solicitud de reducción. En el primer caso, el peso de la prueba recae sobre el reclamante del aumento, quien debe demostrar que ha ocurrido un cambio sustancial en las circunstancias que estaban presentes al fijarse la pensión. En el segundo caso, el peso de la prueba recae en el que solicita la rebaja.[25]

**III.**

La citada Regla 52.1 de Procedimiento Civil faculta a este tribunal para revisar, por excepción, órdenes o resoluciones interlocutorias dictadas por el TPI cuando se recurre de decisiones en casos de relaciones de familia. Tras un detenido examen del expediente, concluimos que la Sra. Hernández Sáez presenta un planteamiento meritorio y propicio para dilucidarse en esta etapa procesal. Por tanto, ejercemos nuestra discreción en ánimo de evitar un fracaso de la justicia y, conforme a los criterios que nos guían, expedimos el auto de *certiorari.*

En el presente caso, el TPI fijó la pensión alimentaria el 7 de diciembre de 2022, por lo que a la fecha en que la Sra. Hernández Sáez presentó su solicitud de revisión de pensión (6 de noviembre de 2023), aún no había transcurrido un año del decreto. No obstante, en su solicitud de revisión, la Sra. Hernández Sáez informó

---

[23] *Pesquera Fuentes v. Colón Molina, supra,* pág. 107.
[24] Ley Núm. 5 de 30 diciembre de 1986, 8 LPRA sec. 501 *et seq.*
[25] *McConnell v. Palau,* supra, pág. 750; Regla 110 de Evidencia, 32 LPRA Ap. VII, R. 110.

un incremento en los ingresos del Sr. López Valentín, el cual adujo que representa un cambio sustancial en las circunstancias económicas de dicho alimentante y, a su vez, justificaba que la pensión fuese revisada antes del periodo de tres (3) años. Además, la Sra. Hernández Sáez presentó prueba en apoyo de su alegación.

El foro de primera instancia denegó la solicitud de la Sra. Hernández Sáez basado en que "[l]as necesidades del menor no habían cambiado en menos de un año".

Sin embargo, a tenor con lo dispuesto en el Artículo 19 (c) de la *Ley Orgánica de la Administración para el Sustento de Menores*[26], un tribunal puede reexaminar un decreto alimentario aun cuando no hayan pasado tres (3) años desde la fecha en que la orden de pensión alimentaria fue emitida o modificada, tanto cuando existan cambios sustanciales en las circunstancias del alimentista, como cuando surgen en las circunstancias del alimentante, tales como variaciones o cambios significativos en sus ingresos.

Habida cuenta de lo anterior, la solicitud de revisión de pensión presentada por la Sra. Hernández Sáez amerita ser evaluada por el TPI para determinar si, en efecto, se ha suscitado un cambio sustancial en las condiciones económicas del Sr. López Valentín que justifiquen una modificación a su obligación alimentaria.

Por consiguiente, revocamos el dictamen apelado y devolvemos el caso para que el foro primario evalúe si efectivamente ha ocurrido un cambio sustancial en las circunstancias económicas del Sr. López Valentín que estuvieron presentes al fijarse la pensión.

**IV.**

Por las razones antes expuestas, expedimos el auto de *certiorari* y revocamos la *orden* apelada. Se devuelve el caso al

---

[26] *Supra,* nota 12.

Tribunal de Primera Instancia para la continuación de los procedimientos de forma consistente con esta sentencia.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones